UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>QUALITY PORK PROCESSORS, INC.,<br><br>Defendant. | ) | Civil No. 01-CV-143-RHK/JMM |

STIPULATION FOR PROTECTIVE ORDER AND ORDER

**WHEREAS,** certain medical documents requested by Defendant to be produced by the Plaintiff in the course of discovery contain confidential information;

**WHEREAS,** the parties are willing to enter into a Stipulation and Order as a condition to the disclosure of such confidential medical information or the inspection of medical documents containing confidential information; and

**WHEREAS,** counsel for the parties agree that an Order containing the terms set forth below may be entered by the Court without further notice, to safeguard the confidentiality of certain medical information and medical documents, while allowing the opportunity for reasonable discovery; and

**WHEREAS,** counsel for the parties agree that they will abide by the terms of this Stipulated Protective Order during the period prior to the Court's execution of this document, whenever that may be,

FILED OCT 25 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:**

1. The following will constitute "Confidential Information":

(a) Medical documents produced by the parties with the word "CONFIDENTIAL" stamped thereon;

(b) Medical documents produced by the parties with an accompanying letter or other document that indicates that the documents, or a clearly designated portion of them, constitute Confidential Information;

(c) Any medical documents or testimony relating to such documents that the parties subsequently agree in writing or on the record in a deposition to make subject to this Order; and

(d) Any medical documents or testimony relating to such documents made subject to this Order by the Court.

2. Confidential Information will not be given, shown, made available, communicated, or disclosed to anyone other than:

(a) The attorneys of record in this action and their associated attorneys, legal assistants, and staff members working on the action;

(b) Independent consultants and/or experts retained by the parties to work on the action, provided however, that before any such consultant or expert is shown or receives any Confidential Information, he or she must read a copy of this Stipulation and Order and agree in writing to abide by the same;

(c) Stenographic reporters engaged for deposition or other proceedings necessary to the conduct of the action;

(d) Such persons as the undersigned counsel shall mutually consent to in writing or on the record before the proposed disclosure; and

(e) The Court.

3. Confidential Information will be used solely for the preparation, trial or settlement of the action, and will not be communicated or used for any other purpose whatsoever.

4. If any Confidential Information is filed, included in, or referred to in any paper filed

with the Court, counsel responsible for the filing will notify the Clerk of Court at the time of filing that the paper contains Confidential Information protected by this Stipulation and Order, and will notify the other parties of the confidential nature of the filing. The Clerk will keep the Confidential Information under seal until further order of the Court; provided, however, that access to the Confidential Information will be afforded to the Court and to counsel for the undersigned parties, and further provided that the parties agree to comply with any Local Rules or order relating to the filing under seal that may be issued by the Court.

5. If, at the time of trial or in connection with any pretrial or settlement hearing, counsel for a party intends to introduce any Confidential Information, he or she will inform the Court and opposing counsel as far in advance as possible, and the Court may take such steps, at the request of the opposing counsel or on its own initiative, as it deems necessary to preserve the confidentiality of the Confidential Information.

6. A party will not be obligated to challenge the propriety of another party's designation of information as "confidential" at the time the designation is made, and the failure to do so will not preclude a subsequent challenge. If any party to this litigation disagrees at any point in the proceedings with the designation, by the supplying party, of any information as "confidential," the parties will first try to dispose of the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from the Court, with the burden on the designating party to show the confidential nature of the information.

7. Counsel for the undersigned parties jointly apply to the Court for entry of an Order in accordance with the terms of this Stipulation.

8. The Order entered pursuant to the terms of this Stipulation will be without prejudice to the rights or any party to seek modification of its provisions upon motion noticed and served.

9. The provisions of the Order will continue to be binding after the conclusion of this action, and the Court will retain jurisdiction for the purpose of ensuring compliance with this Order and granting other relief as may be necessary.

10. At the conclusion of this action, opposing counsel will return the Confidential Information to the party from which it was received. No copies of the Confidential Information shall be retained by opposing counsel.

**SO STIPULATED:**

Dated: Oct. 24, 2001 By: [signature]

Tina Burnside
Equal Employment Opportunity Commission
Minneapolis Area Office
330 Second Avenue South, Suite 430
Minneapolis, MN 55401-2225
Telephone: (612) 335-4047
*Attorney for Plaintiff*

Dated: October 22, 2001 By: [signature]

Craig M. Byram
John S. Beckmann
Hoversten, Johnson, Beckmann & Hovey,
807 West Oakland Avenue
Austin, MN 55912
Telephone: (507) 433-3483
*Attorneys for Defendant*

Based on the above stipulation between the parties through their respective counsel, IT IS HEREBY ORDERED that the above terms will govern the parties' agreement.

Dated: 10/24/01

John M. Mason
United States Magistrate Judge

OCT 25 2001

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.