**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Equal Employment Opportunity Commission,

Plaintiff,

Civil No. 01-143 (RHK/JMM)

vs.

**ORDER**

Quality Pork Processors, Inc.,

Defendant.

---

Before the Court is Defendant's appeal from the December 5, 2001 Order of Magistrate Judge John M. Mason. Judge Mason concluded that Defendant had not provided the unequivocal "yes" or "no" response to Interrogatory No. 16 as directed in an earlier November 27, 2001 Order. Finding that Judge Mason's December 5 Order is neither clearly erroneous nor contrary to law, it will be affirmed.

Interrogatory No. 16 asks "Do you make the claim that April Landers has required any medical or health care attention, any medical or health care treatment, counseling, therapy, medication or consultation by reason of the conduct of the Defendant as alleged in your Complaint?" (Decl. of Margaret Klesczewski, Ex. A (emphasis added).) The Response of the EEOC was: "No, April Landers has not required any medical or health care attention, any medial or health care treatment, therapy, medication or consultation by reason of the conduct of the Defendant." (Id. (emphasis added).)

DEC 13 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

As to the consultation part of the question, however, the EEOC's response is "Yes, April Landers sought counseling by reason of the conduct of the Defendant . . .," but it does not say one way or the other whether she claims she has required counseling by reason of the conduct of the Defendant.

Although the difference may seem insubstantial on the surface, the parties have apparently argued that the question of whether April Landers claims she has required counseling, rather than simply that she in fact sought it, will be material to the disposition of an underlying discovery dispute.

Accordingly, and upon all the files, records and proceedings herein, the Order (Doc. No. 26) appealed from is **AFFIRMED**. Plaintiff shall comply with the December 5, 2001 Order no later than December 18, 2001. Judge Mason will advise the parties of a new hearing date and briefing schedule with respect to the issue of sanctions. This Court's Order of December 7, 2001 (Doc. No. 31) is **VACATED**.

Dated: December ~~12~~ 13, 2001

RICHARD H. KYLE
United States District Judge