UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

v.

QUALITY PORK PROCESSORS, INC. OF TEXAS,

Defendant.

CIVIL NO. 01-143 (RHK/JMM)

ORDER

The above matter came on for hearing before the undersigned on November 26, 2001 upon Defendant's Motion to Compel Disclosure or Discovery and for Sanctions [Docket No. 10]. Tina Burnside, Esq. appeared on behalf of Plaintiff; Craig Byram, Esq. appeared on behalf of Defendant.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED:

1. Defendant's Motion to Compel Disclosure or Discovery [Docket No. 10] is granted in part. No later than January 2, 2002, Plaintiff shall provide the following discovery:

a. Deliver a sworn Supplemental Answer to Interrogatory No. 16 which sets forth the name and address of each and every health care provider who has provided consultation care to Ms. April Landers.

b. Provide complete copies of all records relating to April Landers created, reviewed or used by Carollyn Hartsfield.

DEC 21 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

c. Provide copies of all "explanation of benefits" forms or similar documents provided to April Landers by any and all medical insurance providers which contain information relating to any medical insurance claims submitted by, or on behalf of, April Landers to said insurance provider relating to any treatments and/or consultations received by April Landers within the last three years.

2. Defendant is entitled to recover from Plaintiff reasonable expenses incurred in making the motion, pursuant to the provisions of Rule 37(a)(4)(A) of the Federal Rules of Civil Procedure. No later than December 31, 2001, Defendant shall deliver and file a Memorandum and Affidavit specifying the relief requested, and the basis thereof. Plaintiff may Reply no later than January 10, 2002. A hearing thereon will be held before the undersigned on January 14, 2002 at 9:30 a.m. in Courtroom 628B, U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota.

Dated: December 21, 2001

JOHN M. MASON
United States Magistrate Judge

**MEMORANDUM**

**Timeliness of Motion**

The Motion to Compel is brought a few days later than the time specified by the Pretrial Scheduling Order. We nonetheless agreed to hear the Motion under the circumstances of this case. Although the Court did not adopt the suggestion, the Parties had agreed to an extension of time. There was no express agreement to extend the time

for the making of the Motion, but Defendant reasonably concluded that the making of the Motion should be deferred until efforts at resolving discovery disputes could be resolved.

**Interrogatory Nos. 17, 18 and 19**

The text of Interrogatory Nos. 17, 18 and 19, as well as Plaintiff's responses, are as follows:

> "Interrogatory No. 17: Has Plaintiff undertaken, or required, any counseling, treatment, medical or other health care or taken any prescription medication for any circumstance or condition that has caused her emotional pain, suffering, loss of enjoyment of life and/or humiliation during the past (10) calender years? **If so**, please identify the circumstances or condition requiring medical care or treatment by a health care provider, the nature of the treatment provided, the name and identity of the health care provider that offered this treatment, counseling, prescription medication or therapy and what type of therapy or treatment was provided to [Plaintiff].
>
> "Interrogatory No. 18: Does Plaintiff contend that the allegedly wrongful conduct of the Defendant aggravated, exacerbated or made worse any pre-existing medical condition, or any pre-existing emotional pain, suffering, loss of enjoyment of life and/or humiliation caused by any circumstance or condition in the Plaintiff's life? **If [Plaintiff] makes this claim**, please state within specificity the pre-existing condition or circumstances that was exacerbated, aggravated or made worse by the alleged conduct of the Defendant herein.
>
> "Interrogatory No. 19: Does Plaintiff acknowledge the existence of any circumstances or conditions in her life outside of her work with Defendant (sic) and inducing her in any need for therapy, counseling, treatment, medical care or health care, or requiring any medication by reason of emotional pain, suffering, loss of enjoyment of life, and/or humiliation? **If [Plaintiff] acknowledges other circumstances causing these types of stresses**, please state with specificity the nature of those circumstances and the nature of the health care help or assistance that [Plaintiff] has sought for those conditions."

It is obvious from these questions that Plaintiff was required to provide a narrative

response only if Plaintiff answered the initial question posed by the interrogatory in the affirmative.

The Interrogatories were served on April 6, 2001. Plaintiff's initial response was served on May 3, 2001. It served Supplemental Responses on June 5 and August 15, 2001. In each of these responses, Plaintiff did not provide a "yes" or "no" answer to the initial question, but it objected to providing the narrative response. Defendant reasonably concluded that Plaintiff intended to answer "yes" to the initial questions, and thus was under an obligation to answer the narrative portion of the question. After all, if the answer to the initial questions were "no," there would be no obligation to provide a narrative response, and thus no reason to object. Defendant thus brought a Motion to Compel.

After reviewing the pleadings of the Parties, and following statements by counsel for Plaintiff at oral argument, this Court concluded that Plaintiff should be required to provide "yes" or "no" responses to the questions. It has now done so. Its responses were "no" to each of these Interrogatories. We are at a loss to understand why Plaintiff failed to answer "no" on any of the three earlier occasions on which it responded to the Interrogatories. As a result of Plaintiff's improper failure to perform this simple task, the Defendant has been unnecessarily burdened with expenses and attorney's fees which otherwise would have been wholly unnecessary.

**Interrogatory No. 16**

Interrogatory No. 16 reads as follows:

> "Do you make claim that April Landers has required any medical or health care attention, any medical or health care treatment, counseling, therapy medication or consultation by reason of the conduct of the Defendant as alleged in your Complaint? If you make this claim, please set forth each and

> every health care provider with whom April Landers has treated or who has provided consultation care, therapy or prescription medication to Ms. Landers. For each health care provider that you identify, set forth the name of that health care provider, where that entity is located, the address of that entity and the nature of health care services provided to Landers by that entity."

As with Interrogatory Nos. 17, 28 and 19, Plaintiff failed to provide a "yes" or "no" answer to the initial question. After Court Orders, Plaintiff ultimately answered the first part of this Interrogatory as follows:

> "No, EEOC does not make the claim that April Landers has required any medical or health care attention, any medical or health care treatment, therapy, medication or consultation by reason of the conduct of the Defendant.
>
> "Yes, EEOC makes the claim that April Landers has required counseling by reason of the conduct of the Defendant."

Plaintiff relies upon the language of the Court in O'Sullivan v. State of Minnesota, 176 F.R.D. 325, 327 (D. Minn. 1997) as follows:

> "In Schlagenhauf v. Holder, 379 U.S. 104, 118-19, 85 S. Ct. 234, 242-43, 13 L.Ed.2d 152 (1964), the Court concluded that the 'in controversy,' and the 'good cause' requirements of Rule 35, were not satisfied 'by mere conclusory allegations of the pleadings--nor by mere relevance to the case--but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each examination. Here, the Complaint's bare and boilerplate allegations of 'mental anguish,' 'emotional distress,' and 'embarrassment and humiliation,' provide a legally insufficient basis for concluding that the Plaintiff's mental condition is 'genuinely in controversy,' or that 'good cause exists for ordering [the] examination.'"

We are satisfied that Defendant has shown that Plaintiff has a claim for emotional distress that is more than a "bare and boilerplate allegations of mental anguish, emotional distress and embarrassment and humiliation" that were deemed insufficient in

O'Sullivan, 176 F.R.D. at 327. Now that we have a direct Answer to Interrogatory No. 16, it is made apparent that April Landers' medical condition is placed in controversy not merely by the allegations in the Complaint, but by the Answers to Interrogatories.

It seems to be the position of Plaintiff that, for purposes of determining whether the mental condition of April Landers is placed in controversy for the purposes of Rule 35 of the Federal Rules of Civil Procedure, the answer should be "no," but for purposes of having the jury determine that she suffered (mental) emotional distress, the answer should be "yes." Plaintiff cannot have it both ways. Plaintiff desires to present testimony that the mental condition of April Landers was affected by the conduct of Defendant, by reason of the fact that she "has required counseling by reason of the conduct of the Defendant." Defendant is entitled to have the limited discovery here ordered to analyze whether the facts support or do not support this view.

**Document Request Nos. 1 and 2**

These Requests read as follows:

> "1. Full certified copies of all medical records from all medical providers who have provided treatment or consultation to April Landers within the last five years.
>
> "2. Copies of all 'explanation of benefits' forms or similar documents provided to April Landers by any and all medical insurance providers which contain information relating to any medical insurance claims submitted by, or on behalf of, April Landers to said insurance provider relating to any treatments and/or consultations received by April Landers within the last five years."

The failure of Plaintiff to provide a direct response to Interrogatory No. 16 until after the Motion to Compel was briefed and argued has unnecessarily complicated the consideration of the Motion as it relates to these Requests as well, and has made Defendant's burden of establishing a right to obtain the requested information more

difficult. It would be inappropriate to permit Plaintiff to profit from its improper responses to Interrogatory No. 16. We nonetheless have undertaken to make substantial reductions in the amount of data required to be produced in response to this discovery, to take account of the fact that Plaintiff has committed that at trial it will not present expert testimony from any medical provider, and will only offer the testimony of Carollyn Hartsfield, (a person described as a "therapist") to establish a sequence of events starting with the alleged misconduct of Defendant, and the resulting decision of the April Landers to visit Ms. Hartsfield.[1] We have balanced understandable concern for the privacy of Ms. Landers with the fact that she is a party to litigation in which fairness requires that both parties have access to data relevant to claims which are to be presented to the jury.

**Sanctions**

Plaintiff's nondisclosures and objections were not substantially justified, and there are no circumstances which make an award of expenses unjust. The conduct of Plaintiff requires that the Court impose sanctions pursuant to the provisions of Rule 37(a)(4)(A) of the Federal Rules of Civil Procedure. The Order describes the process by which the amount of the sanction will be determined. As a convenience to the Parties, the hearing is scheduled to coincide with the hearing on the Court's Order to Show Cause, and a Settlement Conference, also scheduled for January 14, 2002. If any Party desires that the Settlement Conference or any of the hearings be rescheduled, this may be accomplished by simply calling the Calendar Clerk of this Court.

J.M.M.

---

[1] We also make no finding as to whether such testimony, if offered, will be admissible at trial.