UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

CIVIL NO. 01-143 (RHK/JMM)

Plaintiff,

v.

ORDER

QUALITY PORK PROCESSORS,
INC. OF TEXAS,

Defendant.

This matter was before the Court upon Defendant's Motion to Compel Discovery. By Orders dated December 5, 2001 [Docket No. 26] and December 21. 2001 [Docket No. 38], the Court granted Defendant's Motion, and set this hearing held on January 14, 2002 to consider sanctions, if any, which should be imposed by reason of the violation by counsel for Plaintiff of Rules 37(a)(4) and 37(b)(2)(B) and (C) of the Federal Rules of Civil Procedure. Jean Kamp, Esq. and Tina Burnside, Esq. appeared on behalf of Plaintiff; John Beckmann, Esq. and Craig Byram, Esq. appeared on behalf of Defendant.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED that no later than January 28, 2002, Plaintiff shall pay to Defendant the sum of $3,472.89 to reimburse Defendant for its costs and attorneys'

FILED JAN 15 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

fees with respect to its Motion to Compel.

Dated: January 15, 2002

JOHN M. MASON
United States Magistrate Judge

MEMORANDUM

The Court has placed upon the record its reasons for this Order, and provides this brief summary. Under Rule 37(a)(4), the Court is required to impose sanctions consisting of costs and attorneys' fees unless it concludes that the opposition to the Motion "was substantially justified, or that other circumstances make an award of expenses unjust." The Affidavit substantiates that the attorneys' fees were charged at the rate of $115 an hour, and that the amount of time spent was also reasonable. Sanctions are also warranted under Rules 37(b)(2)(B) and (C) by reason of Plaintiff's violation of the November 27, 2001 Order of this Court.

Defendant served upon Plaintiff Interrogatories and Requests for Documents. Among the Interrogatories were Nos. 16, 17, 18, and 19. These each began with a question which was to be answered with a "yes" or a "no." Plaintiff was asked to provided additional information only if the answer was "yes." In its initial response on May 3, 2001, and in its Supplemental Responses dated June 5 and August 15, Plaintiff did not answer with a "yes" or a "no," but instead asserted objections to providing additional information. Defendant brought a Motion to Compel responses to discovery.

The Court ordered that Plaintiff provide a "yes" or "no" Answer to Interrogatory Nos. 16, 17, 18 and 19 [Docket No. 24]. Plaintiff did provide a "yes" or "no"

answer as ordered with respect to Interrogatory Nos. 17, 18 and 19. (It answered "no" to all three of these Interrogatories.) Counsel offer no credible justification for their failure to so respond in their three earlier written responses to these Interrogatories.

Even after being ordered to do so, Plaintiff did not provide a "yes" or "no" response to Interrogatory No. 16, nor did it appeal from the Order requiring that it do so. Instead, it provided a narrative response, which avoided stating whether Plaintiff claimed that April Landers "has required counseling by reason of the conduct of Defendant." After another Order, Plaintiff answered by stating that she does make this claim.

The failure of Plaintiff to provide candid and direct responses was improper, and its importance is magnified by the context in which these failures were presented. The question of whether medical information must be provided by a plaintiff claiming emotional distress damages depends in each case upon a clear assessment of the facts and claims relating to a particular plaintiff. The responses of Plaintiff to the discovery in this matter served to obscure facts which should instead have been made apparent back in June when the initial responses were served. Even by the time the substantive underlying dispute was submitted to the Court, the Plaintiff had not provided unequivocal responses to the discovery. This made Defendant's presentation of the Motion more difficult, and unnecessarily complicated the task of the Court in resolving the discovery dispute.

J.M.M.