UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>QUALITY PORK PROCESSORS, INC.<br><br>　　　　　Defendant. | Civil Action No. 01-CV-143 RHK/JMM<br><br>**CONSENT DECREE** |

This action was filed by the Equal Employment Opportunity Commission ("EEOC") on January 25, 2001 pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. In its complaint, the Equal Employment Opportunity Commission ("EEOC") alleges that Defendant, Quality Pork Processors, Inc. ("QPP" or "Defendant") discriminated against April Landers on the basis of race. Specifically, the EEOC alleges that QPP subjected Landers to a racially hostile work environment, and retaliated against her when she complained about the harassment from her co-workers.

Defendant denies that it has committed any of the violations alleged by the EEOC. The EEOC, Defendant, and Landers (hereinafter referred to as "the parties") have agreed to settle these claims in order to reach an amicable resolution of this matter and avoid further litigation. The terms of the agreement are set forth below.

I.  　Monetary Relief

　　A.  　Settlement Amount

Defendant agrees to settle this case for $15,000.00 and to mail a check in that amount to

FILED　APR 0 1 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD_____
DEPUTY CLERK_____

April Landers with a copy to the EEOC, at the time specified below after the date the Consent Decree is entered by the Court. The check shall be sent by certified mail, return receipt requested, to Landers and a copy of the check shall be mailed simultaneously to the undersigned counsel for the EEOC. The payment is payable within 10 calendar days after this action is dismissed pursuant to this Consent Decree.

Neither the EEOC nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Landers may or may not incur on such payment under local, state and/or federal law.

II.     Non-Monetary Terms

    A.     Compliance with Title VII

Defendant agrees that it will not condone or tolerate acts of race discrimination and/or racial harassment as prohibited by 42 U.S.C. §2000e, et. seq. Defendant also agrees that it will not condone or tolerate acts of retaliation against any employee or former employee for exercising the right to oppose any employment practice made unlawful by Title VII, and to make a charge, testify, assist, or participate in an investigation, proceeding or hearing under 42 U.S.C. §2000e et. seq.

    B.     Impact Upon the EEOC's Processing

The EEOC does not waive or in any manner limit its right to process or seek relief in any other charge or investigation based upon allegations not included in the above-captioned case.

    C.     Training

Defendant shall provide training, specifically on racial harassment and retaliation, to all of its personnel, including supervisors, managers and administrators, and agrees to continue to provide orientation to new employees, at its expense, relating to Defendant's obligation to maintain a work

environment free from harassment on the basis of race, and regarding Defendant's obligation not to retaliate against individuals who complain about discrimination in the workplace. This training will also instruct all employees on the policies and procedures of reporting, responding to and investigating claims of race discrimination including harassment.

D.  Creation and Dissemination of Anti-Discrimination Policy

Defendant shall certify to the EEOC that it has an anti-discrimination and anti-harassment policy. Such policy will specifically outline procedures for reporting and investigating complaints of race discrimination including racial harassment and retaliation, and will include the names of persons to whom discrimination complaints should be made. If no such policy exists, Defendant shall create such a policy within 30 days. This policy shall be disseminated to all employees.

E.  Posting of Notice

Defendant represents that it currently posts all Equal Employment notices required by Minnesota and Federal law in such a manner as to be in compliance with said statutory requirements. Defendant agrees to continue its practice of posting any and all such statutorily required notices.

F.  Removal of References to EEOC Charge/Lawsuit from Personnel File

Defendant shall remove from Landers' personnel file any record or indication that relates to her charge filed with the EEOC, the investigation, litigation, or resolution of the charge.

G.  Neutral Reference

When and if Defendant is contacted by a prospective employer of Landers' for an employment reference, Defendant shall provide neutral reference information, consisting only of dates of employment and positions held.

H. <u>Record-keeping and Reporting</u>

Defendant represents that it currently has in place internal procedures and policies under which it documents and maintains records related to discrimination complaints made by its employees. Defendant agrees to continue its current practice of documenting and maintaining records related to any such complaints.

I. <u>Enforcement of Consent Decree</u>

If at any time during the effective date of this Consent Decree, the EEOC believes that a violation of this Decree has occurred, prior to exercising its right to move to compel enforcement, the EEOC shall give written notice detailing the perceived violation to Defendant. Defendant shall have thirty (30) days from receipt of written notice to investigate and respond in writing to the allegation that a violation has occurred. Thereafter, the parties shall have a period of thirty (30) days, or such additional period as may be agreed upon in writing by them, in which to engage in negotiation and conciliation regarding any alleged violation before the EEOC may move to compel compliance.

J. <u>Certification to the EEOC</u>

Within 10 calendar days following compliance with the posting, training and creation/dissemination of anti-discrimination policy provisions of this Consent Decree, Defendant will notify the EEOC of such compliance through a letter from an appropriate representative.

K. <u>No Other Agreements</u>

This Consent Decree constitutes the sole agreement between and among the parties concerning the settlement of the above-captioned lawsuit. The parties agree that no promises or inducements have been made except as set forth in this Consent Decree, and that there are no other

4

agreements, written or oral, express or implied, between or among the parties concerning the subject matter of this lawsuit.

L.   Enforcement of Terms of Consent Decree and Jurisdiction

Upon execution of the Consent Decree by the parties, the parties will execute a Stipulation for Dismissal with Prejudice, pursuant to Fed. R. Civ. P. 41(a)(2), to dismiss this case without costs to the parties, with the Court to reserve jurisdiction to enforce the terms of the Consent Decree. The affirmative obligations under this Consent Decree shall be effective and binding upon the parties for the period of five calendar years from its final approval by the Court. This Court shall retain jurisdiction of this action for the purpose of enforcing this Decree and entry of such further orders as may be necessary or appropriate for the same period of time, except that, if any party has, prior to the expiration of the five year period, commenced proceedings to compel compliance, this Court will retain jurisdiction of the action until all issues relating to such compliance proceedings have been resolved. At the end of the five year period, or as soon as all enforcement issues (if any) have been resolved, whichever occurs last, this Court will dissolve the Consent Decree and will dismiss this action with prejudice without further motion by any party.

I have read the foregoing Consent Decree, and accept and agree to the provisions contained therein.

_____          _3-25-02_____
Jean P. Kamp                                                           Date
Regional Attorney

_____          _3/21/02_____
Tina Burnside                                                          Date
Senior Trial Attorney

5

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Minneapolis Area Office
330 S. Second Ave., Suite 430
Minneapolis, MN 55401
(612) 335-4047


_____     3-19-2002
John S. Beckmann                      Date
Craig M. Byram
HOVERSTEN, JOHNSON, BECKMANN & HOVEY
807 West Oakland Avenue
Austin, MN 55912
(507) 433-3483

Attorneys for Defendant


## ORDER

SO ORDERED this ___ day of __April__, 2002.

_____
Hon. Richard H. Kyle
United States District Judge